## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EASOON USA, LLC,

      Plaintiff,

  v.

**BRETT KELLY;**
**MARK CLIFTON; and**
**DAVID S. OSTERMAN, a/k/a**
**STEVE OSTERMAN,**

      Defendants.

Case No. 1:17-cv-04615-TCB

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR**
**MOTION TO DISMISS UNDER RULE 12(b)(6), TO TRANSFER VENUE,**
**OR FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Pursuant to Fed. R. Civ. P. 12(b)(6),[1] Defendants Brett Kelly ("Kelly"), Mark Clifton ("Clifton"), and Steve Osterman ("Osterman") (collectively, "Defendants") move to dismiss all counts of Plaintiff Easoon USA, LLC's ("Easoon") complaint (Dkt. No. 1, "Georgia Complaint") for improper claim-splitting.  In the alternative, Defendants move to transfer this case to the United States District Court for the District of Delaware under the "first-filed" rule, or for a more definite statement under Rule 12(e).

---

[1] All references herein to a "Rule" refer to the Federal Rules of Civil Procedure.

## BACKGROUND[2]

Easoon "is a distributor, wholesaler and marketer of wood flooring and bamboo products and transacts business in the United States, Canada and Mexico under the brand [sic] and trade name [sic] Dasso, Dasso Group, Dasso.XTR and Dasso USA, among other brand names." (Dkt. No. 1 ¶ 8). To this end, Easoon is the exclusive licensee of a patent owned by Dasso International, Inc. ("Dasso"), which purportedly covers dasso.XTR products.

Defendants established MOSO North America, Inc. ("MOSO NA"), which also sells, markets, and distributes bamboo products. Prior to starting MOSO NA, each Defendant held a managerial position with Easoon: Kelly was President of the Dasso.XTR Division and Director of New Business Development, Clifton was Vice President of Sales and Operations, and Osterman was Northwest Territory Manager and West Coast Regional manager. (Dkt. No. 1 ¶¶ 22, 29, 33). This dispute appears to arise out of Defendants' activities prior to transitioning to MOSO NA and allegedly false or misleading statements made by Defendants

---

[2] Defendants cite in this section allegations set forth in the Georgia Complaint because such allegations are assumed to be true for purposes of resolving their 12(b)(6) motion. In doing so, Defendants do not admit or deny such allegations, and Defendants reserve the right to challenge the veracity of any or all allegations set forth in the Georgia Complaint.

regarding, among other things, Easoon's and Dasso's financial status.   (*See generally* Dkt. No. 1 ¶¶ 37-54, 59-61, 63-69, 71-74).

On November 17, 2017, Easoon initiated litigation against Defendants ("Georgia Action") by filing the Georgia Complaint, which includes nine state-law counts.[3]   Of the seven substantive counts,[4] Count III is based on the Georgia Uniform Deceptive Trade Practices Act (Ga. Code § 10-1-372(a)(8)), and Counts I, II, and IV-VII are common law claims.   While unclear, each of Easoon's claims appears to be based on Defendants' activities in establishing MOSO NA while employed by Easoon, and their subsequent alleged false or misleading statements about Easoon and its bamboo partners after resigning from Easoon.

The Georgia Action, however, is not the only litigation in which Easoon has raised claims based on Defendants' pre- and post-resignation actions.   On November 2, 2017, Easoon and Dasso initiated litigation against MOSO NA in the District of Delaware (D. Del. Case No. 17-cv-01574-RGA-SRF, "Delaware Action").   Easoon and Dasso brought three claims in their original complaint ("Delaware Complaint").   (D. Del. Case No. 17-cv-01574-RGA-SRF Dkt. No. 1, attached as Ex. A).   First, Dasso accused MOSO NA of infringing U.S. Patent

---

[3] Lacking a federal cause of action, Easoon has pled subject matter jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship.   (Dkt. No. 1 ¶ 6).
[4] Counts VIII and IX are statutory claims under Georgia law for punitive damages and attorney's fees.

No. 8,709,578, which allegedly covers bamboo products imported, marketed, and sold by MOSO NA.  Additionally, Easoon brought state-law claims against MOSO NA under the Delaware Uniform Deceptive Trade Practices Act, as well as a claim for tortious interference with contract.

On November 14, 2017, MOSO NA moved to dismiss the Delaware Complaint under Rule 12(b)(6).  (D. Del. Case No. 17-cv-01574-RGA-SRF Dkt. No. 5).  In so moving, MOSO NA argued that dismissal was appropriate because the Delaware Complaint lacked sufficient factual allegations to render any of the claims plausible.  (D. Del. Case No. 17-cv-01574-RGA-SRF Dkt. No. 6).  In response, Easoon and Dasso filed an amended complaint ("Delaware Amended Complaint") under Rule 15(a).  (D. Del. Case No. 17-cv-01574-RGA-SRF Dkt. No. 10, attached as Ex. B).  While maintaining the original patent infringement claim, the Amended Complaint (i) changed the bases for Easoon's claims under the Delaware Uniform Deceptive Trade Practice Act, (ii) replaced Easoon's claim for tortious interference with contract with a claim for tortious interference with prospective economic advantage, and (iii) added Easoon's claim for aiding and abetting breach of fiduciary duty.  Additionally, Easoon and Dasso included in the Delaware Amended Complaint 75 additional paragraphs of allegations and also named MOSO NA's parent company, MOSO International BV ("MOSO BV"), as

a defendant.   Notably, Easoon's claims in the Delaware Action are based on substantially the same allegations as Easoon's claims in the Georgia Action. (*Compare* Ex. A ¶¶ 8-36 *and* Ex. B. ¶¶ 13-84 *with* Dkt. No. 1 ¶¶ 8-76).

## LEGAL STANDARDS

District courts are encouraged to identify deficiencies in a complaint at the pleading stage – "the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007) (citations omitted).  A complaint must do more than aver an entitlement to relief; it must "show" such an entitlement through its factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A plaintiff thus has an obligation to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (2007) (citations omitted).

### A.    Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To satisfy this requirement, a complaint must set forth sufficient factual allegations that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 663.  A claim is

facially plausible when the factual allegations allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

A court evaluating a motion to dismiss is generally limited to considering the allegations set forth in a complaint and exhibits attached thereto.  *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).  There are, however, exceptions to the "four corners" rule.  For example, "[t]he Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Davis v. Williams Communications., Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

**B.     Motion for a More Definite Statement under Rule 12(e)**

When a complaint fails "to identify its claims with sufficient clarity to enable the defendant to frame a responsive pleading," it does not meet the requirements of Rule 8(a)(2), and the defendant need not respond to the complaint. *Danow v. Borack*, 197 F. App'x 853, 855 (11th Cir. 2006) (citing *Byrne v. Nezhat*,

261 F.3d 1075, 1129-30 (11th Cir. 2001)).  Rather, when "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the [responding] party cannot reasonably prepare a response, the defendant should file a motion for a more definite statement."  Rule 12(e); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014).

## **ARGUMENT**

Defendants submit that there are two equally reasonable bases for dismissing the Georgia Complaint, at least in its present form.  First, because Easoon's claims in the Delaware and Georgia Actions arise out of a common set of allegations, the claim-splitting doctrine precludes Easoon from litigating its claims against Defendants in this Court.  For substantially the same reasons, the "first-filed" rule requires Easoon to litigate its claims in the District of Delaware – the first forum in which it chose to bring claims arising out of Defendants' alleged pre- and post-resignation actions.  Accordingly, the Court should dismiss the Georgia Complaint or, in the alternative, transfer this case to the District of Delaware.

Second, the Georgia Complaint lacks sufficient clarity regarding the factual bases for Easoon's claims and theory for personal jurisdiction over Defendants, thereby preventing Defendants from formulating a responsive pleading.  Should the Court not dismiss the Georgia Complaint under Rule 12(b)(6), the Court should

dismiss the Georgia Complaint and order Easoon to file an amended complaint that clarifies the allegations supporting its claims against Defendants, as well as its theory for personal jurisdiction over each Defendant.

**A.    Because Each Substantive Count Arises from the Same Nucleus of Operative Facts as Easoon's State-Law Claims in the Delaware Action, Easoon Improperly Split Its Claims**

While Easoon could have brought all of its claims in one action, it faced a dilemma.  On the one hand, Easoon wanted to join Dasso's patent infringement action against MOSO NA.  On the other hand, Easoon (like most plaintiffs) also wanted to litigate against Defendants on its home turf.  But Dasso could not bring its patent infringement claim against MOSO NA in this District; because MOSO NA does not reside in Georgia or have an established place of business in Georgia, venue would not have been proper in this District.  28 U.S.C. § 1400(b); a*ccord TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017). Thus, rather than litigate all of its state-law claims in Dasso's patent infringement action, Easoon chose instead to go forum shopping: it brought its state-law claims against MOSO NA in the Delaware Action and its state-law claims against Defendants in the later-filed Georgia Action.  Easoon thus improperly split its claims, justifying dismissal of the Georgia Complaint or, alternatively, transferring this case to the District of Delaware.

### 1.      Dismissal Is Appropriate Under the Claim-Splitting Doctrine

Because Easoon's claims in the Delaware and Georgia Actions arise out of a common set of allegations, the claim-splitting doctrine requires dismissal of the Georgia Complaint.  As the Eleventh Circuit recently explained, the claim-splitting doctrine prevents a plaintiff from bringing in separate actions claims that arise out of the "same nucleus of operative facts."  *Vanover v. NCO Financial Svcs., Inc.*, 857 F.3d 833, 841-42 (11th Cir. 2017).    The claim-splitting doctrine thus "'requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.'"  *Id*. (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)).   Like *res judicata*, the claim-splitting doctrine "promote[s] judicial economy and shield[s] parties from vexatious and duplicative litigation."  *Id*. at 841.  But whereas *res judicata* requires a final judgment it the earlier-filed suit, the claim-splitting doctrine looks at "whether the first suit, assuming it were final, would preclude the second suit."  *Id*. (quoting *Katz*, 655 F.3d at 1218).

The *Vanover* court endorsed a two-factor test for determining whether a plaintiff has improperly split claims: the rule against claim-splitting applies when (1) two cases pending in federal court involve the same parties or their privies, and (2) the two cases arise from the same transaction or series of transactions.  *Id.* at 841-42.  We begin with the second factor, as "the critical issue is whether the two

actions were based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842 (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 695-96 (5th Cir. 2004)). The second factor is met when "[s]uccessive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Id.* (citing *Petro-Hunt* 365 F.3d at 395-96).

As discussed below, the Georgia Complaint is hardly clear as to which specific allegations support each of Easoon's claims. But in both the Georgia Complaint and the Delaware Amended Complaint, the allegations concerning Defendants appear to fall into three categories:

> (1)    While employed by Easoon, Defendants began working with MOSO BV to establish MOSO NA in order to compete with Easoon for North American sales of bamboo flooring or paneling products;
>
> (2)    In establishing and operating MOSO NA, Defendants used Easoon's allegedly proprietary information to lure customers away from Easoon; and
>
> (3)    Defendants made false or misleading statements regarding Easoon's financial status to Easoon's customers in an attempt to lure them to MOSO NA.

This is not surprising; the allegations recited in paragraphs 8-76 of the Georgia Complaint are almost the exact same allegations recited in paragraphs 13-86 of the Delaware Amended Complaint. In fact, with the exception of citations to exhibits, a number of paragraphs in the two complaints are identical or are nearly identical.

(*Compare* Dkt. No. 1 ¶¶ 22-57 *with* Ex. B. ¶¶ 32-69; Dkt. No. 1 ¶¶ 60-65 *with* Ex. B. ¶¶ 32-69; Dkt. No. 1 ¶¶ 68-76 *with* Ex. B. ¶¶ 76-84).  Put another way, the "Factual Background" of the Delaware Amended Complaint contains the vast majority of allegations recited in the "Factual Background" of the Georgia Complaint.

Not only do Easoon's claims in the Georgia Complaint arise out of the same nucleus of operative facts as the claims in the Delaware Amended Complaint, three of the claims are basically the same.  First, Easoon's claim for tortious interference with prospective economic advantage in the Delaware Action is substantially the same as its claim in the Georgia Action for tortious interference with business relations.[5]  Similarly, Easoon brought two claims based on the same provision of the Uniform Deceptive Trade Practices Act: one under Delaware law (Count III of the Delaware Amended Complaint) and one under Georgia law (Count III of the Georgia Complaint).  Additionally, "courts have described aiding and abetting breach of fiduciary duty as a subset of civil conspiracy."  *Kipperman v. Onex Corp.*, 411 B.R. 805, 871 (N.D. Ga. 2009) (citing Delaware state and federal cases

---

[5] As noted below in section B, Easoon does not identify in either the Georgia Complaint or the Delaware Amended Complaint the source of its common law claims.  But based on the specific allegations recited in support of the respective claims, the two tortious interference claims clearly share a common set of allegations.  (*Compare* Dkt. No. 1 ¶¶ 117-18 *with* Ex. B ¶¶ 119-21).

examining the difference between aiding and abetting breach of fiduciary duty and civil conspiracy).  In view of this observation, it is not surprising that Easoon's civil conspiracy claim against Defendants (Count VII in the Georgia Complaint) appears to be based on the same allegations as its claim against MOSO NA for aiding and abetting breach of fiduciary duty (Count IV of the Delaware Amended Complaint).

Additionally, the allegations supporting three other claims in the Georgia Complaint – breach of fiduciary duty (Count I), breach of the duty of loyalty (Count II), and misappropriation of trade secrets (Count IV) – appear to be substantially similar to the allegations used to support Easoon's civil conspiracy and aiding and abetting breach of fiduciary duty claims.  That is, Easoon appears to have based each of these claims (at least in part) on a common set of allegations related to Defendants pre-resignation actions and collaboration with MOSO BV in forming MOSO NA.  And while Easoon's fraud claim (Count VI in the Georgia Complaint) is limited to Kelly's alleged misdeeds, that claim also seems to arise out of the same set of facts that appear to support Easoon's claims against Kelly for tortious interference with business relations and, by extension, to Easoon's claims against MOSO NA for tortious interference with prospective economic advantage.

Therefore, Counts I-VII of the Georgia Complaint clearly arise out of the same set of allegations as Counts II-IV of the Delaware Amended Complaint.

Turning then to the first factor, it is true that the Georgia and Delaware Actions do not share a common named defendant. But the cases do not *need* to have identical parties in order for claim-splitting to apply; the parties in the two cases "must be the 'same' *or* 'represent the same interests.'" *Roca Labs, Inc. v. Century Sciences, LLC*, Case No. 14-60123-CIV-ALTONAGA, 2014 WL 11775477, at *3 (S.D. Fla. Jun. 16, 2014) (quoting *United States v. The Haytian Republic*, 154 US 118, 124 (1894)) (emphasis original). If a "substantive legal relationship" exists between a party and a nonparty, then the party and nonparty have sufficient privity for the claim-splitting doctrine to apply. *Agha-Kahn v. United States*, Case No. 1-cv-00042-AWI, 2015 WL 5734380, at *4-5 (E.D. Cal. Sept. 29, 2015) (citing *Taylor v. Sturgell*, 583 U.S. 894-95 (2008)).

In the Delaware Amended Complaint, Easoon appears to have based its claims against MOSO NA on alleged actions taken by Defendants as employees of MOSO NA. In other words, Easoon is attempting in the Delaware Action to hold MOSO NA liable for alleged actions taken by Defendants during the course of their employment with MOSO NA. The Eleventh Circuit has found that a "substantive legal relationship" exists between an employer-employee when a

plaintiff seeks to hold an employer liable for an employee's official action (e.g., an authorized action taken by an employee during the course of employment). *Sealy v. Branch Banking and Trust Co.*, 693 F. App'x 830, 835 (11th Cir. 2017) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)). Based on the allegations in the Delaware Amended Complaint (and, for that matter, the Georgia Complaint) there is privity between Defendants and MOSO NA.  Therefore, because both elements of the claim-splitting test are met, Easoon improperly split its claims between the Delaware and Georgia Actions.

Conceptually, such a result makes sense; a final judgment in the Delaware Action would have a preclusive effect in the Georgia Action.  For example, if Easoon prevailed on its claim in the Delaware Action for aiding and abetting Kelly's breach of fiduciary duty, Easoon would necessarily have proved Kelly breached a fiduciary duty.  Respecting the Delaware Court's judgment, this Court would necessarily have to find that Kelly breached a fiduciary duty; otherwise, there would be conflicting judgments. Kelly would thus be precluded from arguing in the Georgia Action that he did not breach a fiduciary duty.  Because of the preclusive effect a judgment in the Delaware Action would have on the Georgia Action, the claim-splitting doctrine applies. *Vanover*, 857 F.3d at 841.

Consequently, Easoon should be barred from litigating in the Georgia Action claims it should have brought in the Delaware Action.

Having established the applicability of the claim-splitting doctrine, the Georgia Complaint should be dismissed. *Accord Vanover*, 857 F.3d at 837. The next question is: should the dismissal be with prejudice? Courts applying the claim-splitting doctrine have answered that question in the affirmative. *See, e.g.*, *id.* at 836, 837; *Greene v. H&R Block Eastern Enters., Inc.*, 727 F. Supp. 2d 1363, 1369 (S.D. Fla. 2010); *Ameritox, Ltd. v. Aegis Sciences Corp.*, Case No. 3:08-CV-1168-D, 2009 WL 305874, at *6 (N.D. Tex. Feb. 9, 2009). While Defendants would welcome such a result, the cited cases are admittedly distinguishable: in those cases, the second suit was viewed as an attempt to circumvent an order in the earlier-filed action. *See Vanover*, 857 F.3d at 1368 (the plaintiff filed the second complaint after the deadline to amend the complaint in the earlier-filed action); *Greene*, 727 F. Supp. 2d at 1369 (plaintiffs filed their complaints after the deadline for joining a class in the related earlier-filed case); *Ameritox, Ltd. v. Aegis Sciences Corp.*, 2009 WL 305874, at *5 (the plaintiff brought claims in the later-filed suit that were the subject of a denied motion to amend the complaint in the earlier-filed suit). Given that both the Delaware and Georgia Actions are just beginning,

Defendants concede that it would not be inappropriate to dismiss the Georgia Complaint without prejudice.

### 2.    Transfer to the District of Delaware Is an Appropriate Alternative Remedy Under the First-Filed Rule

In the alternative, this case should be transferred to the District of Delaware under the "first-filed rule."[6]   As the Eleventh Circuit has noted, "[w]hen two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  If the reviewing court determines that "a likelihood of substantial overlap exists between the two suits … 'the proper procedure [is] for the [later-filed] court to transfer the case to the [first-filed] court to determine which case should proceed.'"  *Marietta Drapery & Window Coverings Co., Inc. v. Norther River Ins. Co.*, 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999))  Like the claim-splitting doctrine, the first-filed rule "'rests on principle[s] of comity and sound judicial administration' and serves 'to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case

---

[6] In addition to the precedent discussed in this subsection, 28 U.S.C. 1404(a) provides the statutory authorization to transfer this case to the District of Delaware.

raising issues that might substantially duplicate those raised by a case pending in another court.'" *Marietta Drapery*, 486 F. Supp. 2d at 1369 (quoting *Cadle*, 174 F.3d at 604).

In this case, the first-filed rule applies for substantially the same reasons that the claim-splitting rule applies. While Easoon's theories of liability and recovery are somewhat different, there is no doubt that there is substantial overlap in the issues Easoon has presented in the two Actions. As noted above, the claims in the Georgia and Delaware Actions arise out of a common nucleus of operative facts: "the Factual Background" in the two Complaints is nearly identical, and the allegations that appear to support the various claims in the Georgia Complaint also appear to support similar claims in the Delaware Amended Complaint. Moreover, resolution of the state-law claims presented in the both cases will likely involve substantially similar evidence: both cases will likely require deposing the same individuals (e.g., Defendants and Easoon personnel having knowledge of the alleged misdeed committed by Defendants) and discovery of similar, if not the same, sets of documents. As a result, there is a strong likelihood of substantial overlap in the issues presented in the Delaware and Georgia Actions.

The next step of the first-filed analysis is to determine whether the parties in the two actions are the same. As with the claim-splitting doctrine, the parties need

17

not be exactly the same; the first-filed rule applies so long as the parties in the first-filed action are in privity with the parties in the later-filed action. *Southern Mills, Inc. v. Nunes*, 586 F. App'x 702, 706 (11th Cir. 2014) (applying the first-filed rule where the defendant in the first-filed suit was in sufficient privity with plaintiff of a later-filed suit). As previously discussed, MOSO NA is in privity with Defendants by virtue of at least MOSO NA's employment of Defendants, as Easoon appears to base its state-law claims against MOSO NA on Defendants' alleged misdeeds as MOSO NA employees.

Accordingly, there is a strong likelihood of substantial overlap in the two actions. Consequently, should the Court decline to dismiss the Georgia Complaint for improper claim-splitting, the Court should transfer the Georgia Action to the District of Delaware.[7]

## B.    The Court Should Require Easoon to Provide a More Definite Statement Regarding the Bases for Counts I-VII and for Personal Jurisdiction over Each Defendant

As another alternative, because of a number of deficiencies in the Georgia Complaint, the Court should order Easoon to file an amended complaint under Rule 12(e). While the allegations supporting the claims in the Georgia Complaint

---

[7] Should the Court determine that transferring this case to the District of Delaware is appropriate, Defendants agree to waive any objections to the Delaware Court's personal jurisdiction over them.

appear to mirror the allegations that support similar claims in the Delaware Amended Complaint, the Counts in the Georgia Complaint are not particularly clear.  To begin, each Count incorporates by reference all preceding paragraphs.  Such "shotgun" pleadings are particularly loathed by the Eleventh Circuit.  *See Paylor*, 748 F.3d at 1125 (lamenting that the shotgun pleading caused "a straightforward dispute to metastasize into [a] years-long discovery sinkhole"); *see also id.* at 1126 n.2 (citing twenty-one (21) Eleventh Circuit opinions critical of shotgun pleadings).  When faced with a shotgun pleading, the proper recourse is clear:

> A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer.

*Id.* at 1126.  Given the Eleventh Circuit's direction, Defendants move for a more definite statement under Rule 12(e).

In addition to each Count incorporating by reference all preceding paragraphs, a number of allegations in the Georgia Complaint do not appear to have anything to do with Easoon's claims.  For example, paragraphs 13-21 of the Georgia Complaint recite allegations regarding a patent held by Dasso and MOSO BV's international distribution rights.  While potentially relevant in the Delaware

Action, the allegations in these paragraphs do not appear to have any applicability to the claims raised in the Georgia Complaint.  Additionally, paragraphs 55, 57, 58, 62, and 70 concern the activities in China of MOSO BV personnel.  With the exception of several passing references to hearsay statements by Kelly and Osterman, none of the people or entities mentioned in these paragraphs appear to be remotely involved in issues germane to the Georgia Action.  Because of the general lack of clarity in the Georgia Complaint regarding which allegations actually support Easoon's claims, Defendants cannot respond to the Georgia Complaint without perpetuating a cycle of unclear and unhelpful pleadings.  That is, it would be unduly difficult, if not impossible, for Defendants to draft an answer to the Georgia Complaint that is not itself a "shotgun" pleading.

Even more fundamentally, Easoon does not state the legal authority for its common law claims.   Given the general allegations made in the Georgia Complaint, Counts I, II, and IV-VII could arise under Georgia law, Oregon law, Canadian law, or Delaware law.[8]  Without knowing such a basic aspect of the common law claims, Defendants are left to guess as to which law Easoon intends

---

[8] The Delaware Amended Complaint suffers from the same deficiency: it does not identify the source of its common law claims.  Because Easoon brought in the Delaware Action common law and statutory claims similar to those raised in the Georgia Action, it is possible that Easoon intends for Delaware law to govern Counts I, II, and IV-VI.

to apply, or they must preemptively conduct a conflict of laws analysis under all possibilities, with such analysis being based on unclear and conclusory allegations. That is not Defendants' burden.

Other deficiencies in the Georgia Complaint also necessitate a more definite statement before Defendants can meaningfully respond. While it is unclear which allegations are meant to support each claim, it appears doubtful that Easoon has pled sufficient facts to make out a plausible claim for every Count in the Georgia Complaint. For example, while making a number of conclusory statements regarding the general harm suffered as a result of Defendants' alleged actions, the Georgia Complaint does not appear to recite any ***facts*** showing that Defendants' alleged misdeeds actually harmed Easoon (e.g., Easoon lost a customer or potential customer as a result of allegedly misleading statements made by Defendants). Clarification regarding the factual basis for the alleged harm, as well as the other elements of each claim, are necessary for Defendants to reasonably answer Easoon's claims.

Also missing from the Georgia Complaint is any cognizable basis for personal jurisdiction over Defendants. When a defendant is a nonresident of the forum state, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Diamond Crystal*

*Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).  To meet this burden with subject matter jurisdiction being based on diversity of citizenship, Easoon must have shown that (1) the Georgia Long-Arm Statute (Ga. Code § 9-10-91) authorizes personal jurisdiction over each Defendant, and (2) the exercise of personal jurisdiction over each Defendant does not run afoul of constitutional due process protections.  *United Techs.*, 556 F.3d at 1274.  Further, the first requirement requires Easoon to have pled allegations sufficient to show that an express provision of the Georgia Long-Arm Statute, read literally, authorizes jurisdiction.  *Diamond Crystal Brands*, 593 F.3d at 1259 (citing *Innovative Clinical & Consulting Svcs., LLC v. First Nat'l Bank of Ames, IA*, 620 S.E.2d 352, 355 (Ga. 2005). From the allegations in the Georgia Complaint, Easoon has failed to make a *prima facie* showing for either requirement, let alone both.

> In attempting to show personal jurisdiction over Defendants Easoon states:
>
> This Court has jurisdiction over this action pursuant to Georgia's Long-Arm Statute, O.C.G.A. §§ 9-10-91 and 9-10-93, as the actions of Defendants were directed to harm and, in fact, caused harm and injury to Plaintiff, a Georgia company headquartered in Atlanta, Georgia.

This bald statement does not come close to meeting even the low standard of a *prima facie* showing. Rather than identify an express statutory provision in Georgia's Long-Arm Statute, Easoon only makes a general citation to the statute. Even if such a showing was not required, whether "the actions of Defendants were directed to harm and, in fact, caused harm to" Easoon does not establish personal jurisdiction over Defendants.   At most, it would merely **support** personal jurisdiction as part of the Supreme Court's "effects test" promulgated in *Calder v. Jones*.  465 U.S. 783, 790 (1984).  Accordingly, the lone paragraph in the Georgia Complaint regarding personal jurisdiction does not amount to a *prima facie* showing of personal jurisdiction over each Defendant.

Moreover, there is hardly any reference to "Georgia" in the Georgia Complaint.  In fact, there is only one reference to Georgia outside of a reference to Easoon's state of incorporation and the Long-Arm Statute, the only other mention of "Georgia" is in paragraph 60, where Easoon states that "Kelly announced on his Facebook page that he 'Left Job at Dasso USA[,]' which he indicated he began in '2013 in Atlanta, Georgia.'"  Other than being employed by Easoon, there is no mention of Osterman or Clifton having any contact with Georgia, let alone sufficient contacts to pass constitutional muster.  And even taking the allegation in paragraph 60 as true, Easoon would not have pled sufficient facts to establish

personal jurisdiction over Kelly; the post says that Kelly left a job with ***Dasso***

***USA***, not Easoon.   Aside from contradicting other statements in the Georgia

Complaint, the allegation in paragraph 60 post does not support sufficient contacts

with Georgia related to ***Easoon's*** claims, as needed to satisfy procedural due

process.  Easoon should thus provide a more definite statement that makes a *prima*

*facie* showing of personal jurisdiction over each Defendant.[9]

Therefore, should the Court not dismiss the Georgia Complaint or transfer

the case to the District of Delaware, the Court should order Easoon to amend the

Georgia Complaint to provide clear and concise factual statements that plausibly

support its claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

dismiss Counts I-IX of the Complaint under Rule 12(b)(6) and/or Rule 12(b)(2), or

in the alternative, order Easoon to provide a more definite statement under Rule

12(e).

---

[9] Because a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction has the same practical effect as moving for a more definite statement under Rule 12(e), Defendants presently move on the latter ground.  If Easoon amends the Georgia Complaint, each Defendant reserves the right to challenge personal jurisdiction in response to an amended complaint.

Dated: December 29, 2017                    Respectfully submitted,

                                            */s/ Jason P. Grier*
                                            Katrina M. Quicker
                                            Ga. Bar No. 590859
                                            Jason P. Grier
                                            Ga. Bar No. 869343
                                            BAKER & HOSTETLER LLP
                                            1170 Peachtree Street, NE, Suite 2400
                                            Atlanta, GA 30309-7512
                                            Telephone: (404) 459-0050
                                            Facsimile: (404) 459-5734
                                            kquicker@bakerlaw.com
                                            jgrier@bakerlaw.com

                                            *Attorneys for Defendants Brett Kelly, Mark Clifton, and David S. Osterman, a/k/a Steve Osterman*

OF COUNSEL:
Thomas G. Pasternak (*pro hac vice* application forthcoming)
John M. Schafer (*pro hac vice* application forthcoming)
Akerman LLP
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com
jay.schafer@akerman.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to L.R. 5.1C and 7.1D of the Northern District of

Georgia, that the foregoing DEFENDANTS' BRIEF IN SUPPORT OF THEIR

MOTION TO DISMISS UNDER RULE 12(b)(6), TO TRANSFER VENUE, OR

FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e) complies with the

font and point selections approved by the Court in L.R. 5.1C.  The foregoing

pleading was prepared on a computer using 14-point Times New Roman font.

> */s/ Jason P. Grier*
> Jason P. Grier
> Ga. Bar No. 869343
> BAKER & HOSTETLER LLP
> 1170 Peachtree Street, NE, Suite 2400
> Atlanta, GA 30309-7512
> Telephone:   (404) 459-0050
> Facsimile:    (404) 459-5734
> jgrier@bakerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 29th day of December 2017, I

have electronically filed the foregoing DEFENDANTS' BRIEF IN SUPPORT OF

THEIR MOTION TO DISMISS UNDER RULE 12(b)(6), TO TRANSFER

VENUE, OR FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)

with the Clerk of the Court using the CM/ECF system, which will automatically

send e-mail notification of such filing to all attorneys of record.

<div style="margin-left:40%">

*/s/ Jason P. Grier*
Jason P. Grier
Ga. Bar No. 869343
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7512
Telephone:   (404) 459-0050
Facsimile:    (404) 459-5734
jgrier@bakerlaw.com

</div>